| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:15-CR-119(6) |
| | § | |
| ZERRICK EDWARD WALKER | § | |

## MEMORANDUM AND ORDER

Defendant Zerrick Edward Walker ("Walker") was charged in Count One of the Third Superseding Indictment with conspiracy to possess with intent to distribute a controlled substance, namely cocaine base, in violation of 21 U.S.C. § 846. Subsequently, upon Walker's expressed intentions to plead guilty, the government charged him in an Amended Information with possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Walker, however, subsequently changed his mind about pleading guilty and elected to proceed to trial. Pending before the court is the government's Notice and Motion in Support of a Verdict Form Asking the Jury to Convict Defendant of Third Superseding Indictment and Pending Information (#398), wherein the government requests it be allowed to submit to the jury a verdict form including the charges contained in both the Third Superseding Indictment and the Amended Information. Additionally, Walker sent a letter to the court, contending that he does not "understand the current proceedings" and the charges that he is presently facing. Having considered the pending motion, the submissions of the parties, including Walker's letter, and the applicable law, the court is of the opinion that the government's motion should be granted.

Under Fifth Circuit law, the government may proceed to trial against a defendant on multiple charging instruments. *See United States v. Stricklin*, 591 F.2d 1112, 116 n.1 (5th Cir. 1979). Indeed, when a prior charging instrument is not dismissed prior to the drafting of a second

charging instrument, there are technically two charging instruments pending against the defendant. *Id.* In such circumstances, the government may choose from the pending charging instruments, or a combination of both, so long as double jeopardy does not apply. *Id.*

In the case at bar, the Third Superseding Indictment had not been dismissed at the time that Walker was charged by the Amended Information. In fact, the Third Superseding Indictment remains pending, as does the Amended Information. Thus, the issue is whether double jeopardy would prevent the use of both charging instruments. The charging instruments each allege a different offense. Further, it is well established that possession of a controlled substance with intent to distribute is not a lesser included offense of conspiracy to possess with intent to distribute a controlled substance. *See United States v. Felix*, 503 U.S. 378, 389 (1992) (reaffirming that "a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes"); *United States v. Sarabia*, 661 F.3d 225, 232 (5th Cir. 2011); *United States v. Kalish*, 734 F.2d 194, 198 (5th Cir. 1984), *cert. denied*, 469 U.S. 1207 (1985); *accord United States v. Freeman*, 167 F. App'x 953, 954 (4th Cir.), *cert. denied*, 549 U.S. 1042 (2006); *United States v. Horn*, 946 F.2d 738, 745 (10th Cir. 1991). Therefore, double jeopardy is not implicated in this case.

Nevertheless, Walker maintains that the government should be precluded from submitting the charge contained in the Amended Information because he "did not intelligently and knowingly waive his right" to be charged by indictment. The court disagrees. United States Magistrate Judge Zack Hawthorn held two different hearings in which he explained to Walker (who was represented by counsel) that he had a right to be indicted by a Grand Jury for felony offenses, including the one charged in the Amended Information. Judge Hawthorn further advised Walker

2

that he had a right to "not face a felony charge unless you have been indicted by a Grand Jury" in which "they would find probable cause that a crime was committed and that you committed that crime." When asked whether he wished to waive his right to indictment, Walker signed the waiver of indictment form, which states, "I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me. After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information." Notably, Walker was advised of his right to an indictment on two occasions—once on November 29, 2016, for the first Information, and again, the next day, for the Amended Information. Under these circumstances, the court finds that Walker waived his right to proceed by indictment knowingly, intelligently, and with the advice of counsel.

Finally, in response to Walker's assertion that he is unclear about the charges he is facing, the court advises that Walker will proceed to trial on (1) Count One of the Third Superseding Indictment, which charges conspiracy to possess with intent to distribute a controlled substance, namely 280 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 846 and (2) Count One of the Amended Information, which charges possession with intent to distribute and distribution of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1).

IT IS SO ORDERED.

SIGNED at Beaumont, Texas, this 20th day of January, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE