| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CASE NO. 1:15-CR-119 |
| | § | |
| ZERRICK EDWARD WALKER (6) | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Zerrick Edward Walker's ("Walker") *pro se* Letters (## 672, 674), wherein he contends that, at sentencing, the Government dismissed all of the charges against him, and his detention by the Federal Bureau of Prisons is, therefore, unlawful. Walker's assertions are based on notations in the Minute Entry for his Sentencing Hearing (#563) and Judgment (#564). Having considered the Letter, the Sentencing Hearing Transcript (#568), and the applicable law, the court is of the opinion that a clerical error has been made. The court shall enter a corrected Judgment, Statement of Reasons, and Minute Entry.

I. Background

On October 7, 2015, the United States Grand Jury for the Eastern District of Texas returned a three-count Indictment charging Kerry Arsenio Ardoin, Walker's co-defendant, with several violations of federal law. On May 4, 2016, the Grand Jury returned a Third Superseding Indictment charging Walker, in Count One, with Conspiracy to Possess with Intent to Distribute a Controlled Substance (Cocaine Base), in violation of 21 U.S.C. § 846. Walker was not named in the original Indictment, the First Superseding Indictment, or the Second Superseding Indictment, nor was he named in any other count of the Third Superseding Indictment. On January 25, 2017, after a three-day trial, the jury returned a verdict finding Walker guilty of

Count One of the Third Superseding Indictment. On June 15, 2016, Walker was sentenced to a term of 240 months' imprisonment, followed by a ten-year term of supervised release.

In Walker's Judgment, there is an "X" in the box next to the sentence: "Count(s) 1s and 1ss are dismissed on the motion of the United States." In the minute entry for Walker's Sentencing Hearing, there is an "X" in the box next to the phrase: "REMAINING COUNTS: Govt moved to dismiss. Court granted." Count 1s refers to Count One of the Superseding Indictment. Count 1ss refers to Count One of the Second Superseding Indictment. Because Walker was not charged in the Superseding or Second Superseding Indictments, the notation is clearly a clerical error. This conclusion is further solidified by the following exchange during Walker's sentencing hearing:

> THE COURT: Were there any other counts?
>
> [THE GOVERNMENT]: Yes, your Honor. The government will be submitting a final order of forfeiture that represents [Walker's] personal responsibility of 280 grams calculated at the rate of crack cocaine base in Beaumont of $80 per gram for final order in this case on his money judgment.
>
> THE COURT: Very well.
>
> The defendant is remanded to the custody of the United States Marshal and then to the custody of the United States Federal Bureau of Prisons to begin the service of his sentence.

It is clear from the record that the Government did not move to dismiss, and the court did not order the dismissal of, any charge against Walker.

II.     Analysis

Rule 36 of the Federal Rules of Criminal Procedure states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. "A clerical error occurs when the court intends to do one thing, but through clerical mistake or oversight does another." *United States v. Hathorn*, 551 F. App'x 227, 227 (5th Cir. 2014) (citing *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008)).

Rule 36 may not be used to make a substantive alteration to a criminal sentence. *See United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015); *United States v. Spencer*, 513 F.3d 490, 492 (5th Cir. 2008). Thus, Rule 36 is an "appropriate vehicle for changes that do not substantively alter the orally announced sentence but instead correct errors in the written judgment." *Illies*, 805 F.3d at 610; *accord United States v. Bernardez-Avila*, No. 14-41317, 2015 WL 5004568, at *1 (5th Cir. Aug. 24, 2015). Here, the Judgment and Minute Entry are inconsistent with the orally announced sentence. At Walker's sentencing hearing, the court orally announced a sentence of 240 months' imprisonment, followed by a ten-year term of supervised release, as to the jury's verdict of Guilty on Count One of the Third Superseding Indictment. At the hearing, the court did not dismiss *any* counts against Walker. Nevertheless, Walker's Judgment and Minute Entry reflect that the court imposed a sentence of 240 months' imprisonment, followed by a ten-year term of supervised release, as to the jury's verdict of Guilty on Count One of the Third Superseding Indictment and dismissed Count One of the Superseding and Count One of the Second Superseding Indictment despite the fact that Walker was not charged in either the Superseding or Second Superseding Indictments. Because the Judgment and Minute

3

Entry are inconsistent with the court's oral pronouncement, the court will, contemporaneously with this Memorandum and Order, enter an Amended Judgment, Amended Statement of Reasons, and Amended Minute Entry which shall accurately reflect the orally announced sentence. *See United States v. Ivy*, 735 F. App'x 151 (5th Cir. 2018) ("When the written judgment conflicts with an oral pronouncement, the oral pronouncement controls.").[1]

III. <u>Conclusion</u>

Consistent with the forgoing analysis, the court will enter an Amended Judgment, Amended Statement of Reasons, and Amended Minute Entry. To the extent Walker's Letters (## 672, 674) request any additional relief, they are DENIED.

SIGNED at Beaumont, Texas, this 6th day of March, 2019.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] Because the clerical error is plainly evident from the record and the error was brought to the court's attention by Walker, correction of this clerical error without additional notice is appropriate.