IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br>vs.<br><br>ZERRICK EDWARD WALKER,<br>   Defendant. | No. 1:15-CR-119 (MAC) |

## **REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is the Defendant, Zerrick Edward Walker's, *pro se Motion for New Trial* (Doc. No. 757). The undersigned has reviewed the motion, the *Government's Response* (Doc. No. 759), and the *Defendant's Reply* (Doc. No. 761). For the reasons stated below, it is recommended that the motion be **DENIED**.

### **I. Procedural History**

Walker was charged in Count One of the Third Superseding Indictment (Doc. No. 52) with a violation of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance—Cocaine Base). On January 15, 2017, a jury found Walker guilty of Count One, and on June 15, 2017, United States District Judge Marcia Crone sentenced Walker to 240 months' imprisonment and a ten-year term of supervised release. (Doc. No. 678).

### **II. Motion for New Trial**

On February 4, 2022, Walker filed a *pro se Motion for New Trial*. In this motion, Walker alleges that his Sixth Amendment rights were violated. He contends that one of the jurors who

returned the guilty verdict in his trial failed to disclose during jury selection that she was familiar with him and/or the location of the offense. He alleges that this renders his conviction unjust. In closing, Walker requests a new trial.

### III. Analysis

Any motion for a new trial grounded on newly discovered evidence must be filed within three years after the verdict or finding of guilty. FED. R. CRIM. P. 33(b)(1). The jury returned its verdict on January 15, 2017. Therefore, Walker's motion is untimely.[1] Even if Walker's motion was grounded on any reason *other than* newly discovered evidence, the motion must be filed within fourteen days after the verdict or finding of guilty, so the motion would still be untimely. FED. R. CRIM. P. 33(B)(2).

### IV. Conclusion

Because Walker untimely filed his motion for a new trial (over five years after the jury found Walker guilty), the undersigned recommends **DENYING** his *Motion for New Trial* (Doc. No. 757).

### V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation.  Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be

---

[1] Walker states the delay was due to a prison lockdown in response to the Covid 19 pandemic. The undersigned notes that any lockdown most likely occurred in March of 2020—at the earliest  Thus, three years had still passed after his conviction in which he could have moved for a new trial. Moreover, the undersigned is unaware of any authority that the pandemic tolled the relevant time period for filing a motion for new trial.

2

served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); E.D. Tex. Crim. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of May, 2022.

_____
Zack Hawthorn
United States Magistrate Judge